UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
AUG 0 6 2010

******************************************************************************

| | |
|---|---|
| LONNIE JAMES YOUNGBEAR, | |
| Petitioner, | CIV 10-1018<br>CR 05-10007 |
| -vs- | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

******************************************************************************

Petitioner pleaded guilty to sexual abuse and was sentenced on January 9, 2006, to 220 months custody. He appealed his sentence and the United States Court of Appeals for the Eighth Circuit affirmed. The mandate issued July 12, 2006.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 7, 2010. He contends that his conviction and sentence violates the 1868 Fort Laramie Treaty, Regulation Z of the Truth in Lending Act, 18 U.S.C. § 7 regarding admiralty jurisdiction, and 18 U.S.C. § 1152 regarding Indian Country Jurisdiction. I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

On April 24, 1996, the United States Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132. That statute amended 28 U.S.C. § 2255 as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final nearly four years prior to the filing of his motion to vacate. He sets forth in his motion no facts or law which would make his motion timely.

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated this 6th day of August, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)